---

AOOSTA, PLAINTIFF AND APPELLANT, *v.* PANZARDI, DEFENDANT AND APPELLEE.

### Appeal from the District Court of San Juan in an Action for Damages.

No. 2526.—Decided January 19, 1923.

CONTRACT—RESCISSION OF CONTRACT—RESTITUTION—DAMAGES. — When the obligor to return a thing as a consequence of the rescission of a contract does not attempt to return it in as good condition as it was when he received it, the obligee may recover damages under section 1262 of the Civil Code.

The facts are stated in the opinion.

*Mr. E. Lopez Tizol* for the appellant.

*Mr. H. R. Francis* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In exchange for a truck that was to come from the United States the appellant delivered to the appellee an automobile and some promissory notes. Due to war conditions the truck could not be delivered and the parties agreed to rescind the contract. The promissory notes were duly returned or arranged. There is no dispute that by the agreement of the parties the automobile was to come into posses-

sion of the appellant. There is some question whether it became the duty of the appellee to deliver the automobile or the duty of the appellant to come for it. The court below, as its opinion shows, thought that the appellant was under a duty to fetch the machine and that he failed to do so. The opinion likewise shows that the court refused to consider the matter of damages. Section 1262 of the Civil Code provides as follows:

"Sec. 1262. Rescission obliges the return of the things which were the objects of the contract, with their fruits and the sum with interest; therefore it can only be carried into effect when the person who may have claimed it can return that which, on his part, he is bound to do.

"Neither shall rescission take place when the things which are the object of the contract are legally in the possession of third persons who have not acted in bad faith.

"In such case the indemnity for damages may be claimed from the person who caused the *lesion.*"

This section makes it the duty of the person in possession of a thing to be returned, to return it in point of fact.

There is some evidence that the appellee attempted to return the machine, although we incline to the belief, as found by the court, that the case was tried on the theory that the machine was at the service of the appellant and that the evidence fails to show a due attempt to return the machine.

We say "a due attempt to return the machine" because while we have a doubt if there was any genuine effort to return, we hold that under section 1262, *supra,* it was the duty of the appellee to return the machine in as good a condition as he received it.

In minor matters at least the evidence discloses that the machine was not at the time of rescission or thereafter in as good condition as when received. There seems to be

some possibility or even probability that the machine could have been put into good condition with slight 'repairs, but we hold that the appellant was not bound to receive the machine until these alleged minor repairs were made. Hence, as the machine was not attempted to be returned in as good condition as received, the appellant, under section 1262, *supra,* was entitled to indemnity.

The machine was valued at $400, more or less admittedly so, and the appellant is entitled to this amount. We limit the recovery to this amount and interest for the following reason: One who is entitled to a return of property which he would like to use has some legal or social duty. When a machine is not in perfect condition he can take it and repair it perhaps. At least he may not rely on the mere failure to return and complain of his lack of power to use, especially in case of an automobile. It was always in the power of the appellant to have spent $400 towards the purchase of another machine and to have put the new machine to such uses as he now complains he was unable to do. Then his actual damages would have been $400 and interest. Section 1063 Civil Code.

Likewise, as this is a reversal, we see no reason for not following our usual practice in not imposing costs in such a case.

The judgment must be reversed and another rendered for complainant for $400 with interest from the date of the filing of the complaint, but without costs.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.